EOD
09/03/2026

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CRYSTAL AGUIRRE** | § | Case No. 24-42369 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| LOUIS SCOTT HORNE and HORNE & ASSOCIATES, PC | § | |
| | § | |
| Plaintiffs | § | |
| v. | § | Adversary No. 25-4001 |
| | § | |
| CRYSTAL AGUIRRE | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OF DECISION

On this date the Court considered the "Motion for Summary Judgment" (the "Motion") filed by the Plaintiffs, Louis Scott Horne and Horne & Associates, PC on September 3, 2025. Defendant Crystal Aguirre responded, and Plaintiffs replied. The Court finds it would not be aided by oral argument. For the reasons explained in this memorandum, Plaintiffs' Motion is **DENIED.**

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as

contemplated by 28 U.S.C. § 157(b)(2)(A), (I), and (O), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). FED. R. BANKR. P. 7056 incorporates FED. R. CIV. P. 56 so as to apply to adversary proceedings. Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and producing evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action[.]" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206,

210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012)). An actual controversy of fact exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

Courts may accept the moving party's version of the facts as undisputed if the nonmovant fails to respond. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548–49 (N.D. Tex. 2005) (overruled in part on other grounds) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)); cf. *F.D.I.C. v. Foxwood Mgmt. Co.,* No. 92-2434, 15 F.3d 180, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted); *Savers Fed.*

*Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989) (citations omitted). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citations omitted). The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id.* at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## III. Discussion

Plaintiffs seek summary judgment on their causes of action under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and/or (a)(6), alleging that an arbitration award in their favor is non-dischargeable.[1] They argue that application of collateral estoppel is sufficient to find that no genuine issue of material fact exists.

---

[1] Mot., at 10, ECF No. 28.

Defendant disagrees.

Plaintiffs' arbitration award against Defendant was obtained in prepetition litigation between the parties. Defendant filed suit against Plaintiffs in Cause No. DC-21-12240 before the 44th Judicial District Court in Dallas County, Texas (the "State Court") on August 31, 2021.[2] On February 18, 2022, the State Court sent the parties' dispute to arbitration.[3] In arbitration, the parties conducted discovery, and Defendant unsuccessfully sought summary judgment.[4] Plaintiffs also asked for summary judgment.[5] At the time *pro se*, Defendant did not respond to Plaintiffs' summary judgment motion. On September 10, 2024, the arbitrator granted summary judgment in favor of Plaintiffs, and entered a "Final Award" on Plaintiffs' claims of "fraud and breach of fiduciary duty" and "defamation".[6] In doing so the arbitrator also made factual findings.[7] Plaintiffs then returned to State Court on September 16, 2024 and asked that the arbitration award be

---

[2] Mot., Ex. 1, "Plaintiff's Verified Original Petition, Application for Rehabilitative Receiver, Application for Declaratory Relief, and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction", ECF No. 28.

[3] Mot., Ex. 2, ECF No. 28.

[4] Mot. at 9, ECF No. 28.

[5] Mot., Ex. 4, ECF No. 28.

[6] Mot., Ex. 5, "Final Award", ECF No. 28.

[7] Mot., Ex. 6, "Arbitrator's Findings of Facts", ECF No. 28. The findings of facts were signed by the arbitrator on July 10, 2024. *Id.*

entered as a judgment.[8] Before the State Court entered the arbitration award as a judgment, Defendant filed her chapter 7 bankruptcy on October 4, 2024.[9]

To apply collateral estoppel in dischargeability proceedings in bankruptcy court, "the first court must have 'made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue.'" *Matter of Clem* (*In re Clem*), 124 F.4th 341, 349 (5th Cir. 2024) (quoting *In re Dennis*, 25 F.3d 274, 278 (5th Cir. 1994)). Satisfying the elements of collateral estoppel under Texas law is a "necessary condition for collateral estoppel," but it "would not be sufficient" unless the arbitrator's award and fact findings are sufficient to meet the *prima facie* elements of Plaintiffs' nondischargeability claims. *In re Dean*, 620 B.R. 271, 281 (Bankr. N.D. Tex. 2020). The application of collateral estoppel in a dischargeability proceeding is in the "broad discretion" of this Court, "at least when the arbitral pleadings state issues clearly, and the arbitrators set out and explain their findings in a detailed written opinion." *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 188 (5th Cir. 2014) (quoting *Universal Am. Barge Corp. v. J-Chem, Inc*., 946 F.2d 1131, 1137 (5th Cir. 1991)).

---

[8] Mot., Ex. 7, "Motion For Entry of Final Judgment", ECF No. 28.

[9] Case No. 24-42369.

This Court applies the issue preclusion laws of the state where the judgment was entered.[10] *See Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997) (citation omitted). In Texas, arbitration proceedings apply the same principles of collateral estoppel as state court final judgments. *Matter of Clem* (*In re Clem*), 124 F.4th 341, 348 n.3. (5th Cir. 2024) (citing *Casa del Mar Ass'n v. Gossen Livingston Assocs.*, 434 S.W.3d 211, 219 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)). Under Texas law, a party is precluded from raising an issue under collateral estoppel principles when: "(1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case." *Short v. Long (In re Long)*, Adv. No. 17-6007, 2019 Bankr. LEXIS 1169, 2019 WL 1556648, at *7 (Bankr. E.D. Tex. Apr. 9, 2019).

Plaintiffs fail to meet the first element of collateral estoppel. The dispute between the parties was not fully and fairly litigated because

---

[10] This Court has often applied or denied application of principles of collateral estoppel to questions of dischargeability. *See generally PlantSnap, Inc. v. Ralls (In re Ralls)*, Nos. 24-60504, 24-06044, 2026 LX 141859 (Bankr. E.D. Tex. Apr. 10, 2026); *DEJ Partners, LLC v. Ralls (In re Ralls)*, Nos. 24-60504, 24-6047, 2026 LX 262786 (Bankr. E.D. Tex. Apr. 10, 2026); *Evans v. Marshall (In re Marshall)*, Nos. 23-41128, 23-04072, 2025 LX 340732 (Bankr. E.D. Tex. Aug. 19, 2025); *Century Recovery, LLC v. Long (In re Long)*, Nos. 23-41586, 23-04090, 2025 LX 389990 (Bankr. E.D. Tex. Aug. 5, 2025); *EBE, Inc. v. Wilhelms (In re Wilhelms)*, Nos. 23-40053, 23-04023, 2025 LX 334351 (Bankr. E.D. Tex. Mar. 3, 2025); *Veritas Vincit, LLC v. Brown (In re Brown)*, Nos. 22-41110, 23-04047, 2024 LX 95128 (Bankr. E.D. Tex. Dec. 24, 2024); *Coffman v. Deuel (In re Deuel)*, Nos. 19-43056, 20-4014, 2022 Bankr. LEXIS 1754 (Bankr. E.D. Tex. June 22, 2022).

collateral estoppel requires a final *judgment* to be preclusive under Texas law. *See In re Dean*, 620 B.R. 271, 281 (Bankr. N.D. Tex. 2020) (citing *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991)); *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co., Inc.,* 489 S.W.3d 118, 127 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("[C]ollateral estoppel cannot apply unless there is a final judgment[.]"). The State Court never entered the arbitration award as a judgment.[11] Because the arbitration decision was not entered as a judgment, it is an interim award and cannot be preclusive. *See Dean*, 620 B.R. at 281.[12]

The Court is mindful of Defendant's argument that the arbitration award was entered by the arbitrator as "uncontested" while she was *pro se*.[13] It is undisputed that Defendant was *pro se*, failed to file a response to Plaintiffs' summary judgment motion, and that the arbitration award and findings were based solely on evidence provided by Plaintiffs.[14] Plaintiffs

---

[11] Mot., Ex. 8, 9, ECF No. 28.

[12] Plaintiffs' cited authority for the proposition that an arbitration award is a final judgment is *Aban Offshore Ltd. v. Covington*, No. 1:10-CV-5, 2012 WL 5866234, at *7 (E.D. Tex. Nov. 19, 2012). Mot. at 16, ECF No. 28. This is erroneous however, for in *Covington* the district court recognized the necessity of entering an arbitration award as a judgment. *Id*. at *2, citing *Wilder Corp. of Del. v. Rural Cmty. Ins. Servs.*, No. 12–10036, 2012 WL 5076279, at *2 (5th Cir. Oct.18, 2012) ("Finally, the confirmation of an arbitration award by the district court serves as a final judgment.") (other citations omitted). Further, in *Covington*, the district court applied res judicata, not collateral estoppel.

[13] Def.'s Resp. at 2, 5-6, ECF No. 29.

[14] Mot., Ex. 5, 6, ECF No. 28. The arbitration decision states that the arbitrator "having considered the pleadings, official records on file in this cause, arguments, and the evidence, is of the

contend nevertheless that collateral estoppel should apply because Defendant engaged in "extensive" discovery and filed her own unsuccessful summary judgment.[15] This alone is insufficient.

Even if the court could consider the arbitration award as having preclusive effect on its own, the arbitrator's findings do not address the elements of nondischargeability under §§ 523(a)(2)(A), (a)(4), and (a)(6). It is impossible to know from the summary judgment record before this Court what the arbitrator relied upon in making its determination. The arbitration award granted relief to Plaintiffs for "fraud and breach of fiduciary duty" and "defamation."[16] The arbitrator made findings of fact in support of its decision.[17] Plaintiffs have combed through the arbitration record and cited instances which they contend support each element of their claims under §§

---

opinion that a Final Award should be rendered for Counter-Claimants." The Findings of Fact rendered by the arbitrator make no reference to any response by the Debtor, and contain only findings from Plaintiffs' summary judgment motion.

[15] Mot. at 16, ECF No. 28.

[16] Mot., Ex. 6, ECF No. 28.

[17] Mot., Ex. 7, ECF No. 28.

523(a)(2)(A),[18] (a)(4),[19] and/or (a)(6).[20] When examining the sufficiency of findings for purposes of determining dischargeability, the Fifth Circuit has stated:

> We have admonished bankruptcy courts to "look beyond the labels which state courts ... give obligations which debtors seek to have discharged." The fact that a state court labels a judgment "contract damages" rather than "fraud damages" does not control the bankruptcy court if the state court's determination did not necessarily include a finding regarding the dischargeability issue (*i.e.*, whether the debt was obtained by false pretenses, a false representation, or actual fraud).

*In re King*, 103 F.3d 17, 19–20 (5th Cir. 1997) (citation modified). Parties and state courts, "as a general rule, do not label obligations with federal bankruptcy standards in mind" and "even if a state court reviews an issue which is similar to one created by the nondischargeability provision in the Bankruptcy Code, the state-law concept will likely differ from the specific federal bankruptcy doctrine in question." *In re Clem*, 583 B.R. 329, 342 (Bankr. N.D. Tex. 2017), *rev'd by* 124 F.4th 341 (5th Cir. 2024) (citing *Dennis*,

---

[18] See *Auction Credit Enters., LLC v. Desouza (In re Desouza)*, 659 B.R. 288 (Bankr. E.D. Tex. 2024), for the elements of a cause of action under § 523(a)(2)(A).

[19] See *Abshire v. Corpuz (In re Corpuz)*, Adv. No. 24-1001, 2026 WL 753183 (Bankr. E.D. Tex. Mar. 16, 2026), for the elements of a fiduciary duty cause of action under § 523(a)(4). See *Desouza, supra* n.18, for the elements of an embezzlement cause of action under § 523(a)(4).

[20] See *In re Smith*, 659 B.R. 500 (Bankr. E.D. Tex. 2024), for the elements of a cause of action under § 523(a)(6).

25 F.3d at 278).[21] After careful review, the Court finds instead that the arbitrator's findings are insufficient to support summary judgment for Plaintiffs' on their dischargeability causes of action. *See generally Carbaidwala v. Gerleman* (*In re Gerleman*), No. 22-41821, 2024 WL 4428201, at *6 (Bankr. E.D. Tex. Oct. 4, 2024).[22]

Under these enumerated standards, and upon due consideration of the pleadings, the proper summary judgment evidence submitted, if any, and the relevant legal authorities, the Court concludes that significant, genuine disputes exist as to certain material facts which precludes any entitlement of Plaintiffs to judgment as a matter of law on the basis asserted in the Motion.

## IV. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the Motion for Summary Judgment filed by the Plaintiffs, Louis Scott Horne and Horne & Associates, PC, on September 3, 2025, is hereby **DENIED.**

---

[21] In *Clem,* unlike this case, "[t]he state court adopted the arbitration award in a final judgment several days later." *Clem,* 124 F.4th at 346.

[22] In *Gerleman*, this Court found that collateral estoppel could not apply to a DTPA claim where it was impossible to determine "the type and nature of the violation found to have occurred" in the state court's decision. *Gerleman*, 2024 WL 4428201 at *6. Similar principles apply here where it is unclear, for example, whether the arbitration decision made specific findings on each of the elements of a Texas defamation claim.

Plaintiffs failed to demonstrate entitlement to judgment as a matter of law regarding dischargeability under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 9/3/2026



THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE